**FILED**

**FEB. 22, 2022**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KANDANCE A. WELLS,                              )
                                                )
          Plaintiff,                            )
                                                )
    v.                                        )          Civil Action No.  22-193 (UNA)
                                                )
                                                )
U.S. FEDERAL COMMUNICATIONS                     )
COMMISSION  *et al*.,                           )
                                                )
          Defendants.                           )

## <u>MEMORANDUM OPINION</u>

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis*.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint is frivolous or fails to state a claim upon which relief may be granted).

Plaintiff, a resident of Charleston, West Virginia, has sued the Federal Communications Commission ("FCC"), Yahoo, Black Entertainment Television, and Pornhub. *See* Compl., Dkt. 1 at 2.   "Plaintiff claims to be the victim of a massive scandalization as a result of violations of civil rights, negligence, and discrimination based on sex, race, social status." *Id*. at 4 (Statement of Claim).  Plaintiff seeks to hold the FCC "responsible for  [the] alleged violations based on overt negligence in monitoring [the] corporations" it regulates, *id*., and she demands "$300,000,000,000.00," half of which to be "allocated to witnesses, victims and those with expressed knowledge of stated grievances." *Id*. (Relief).

Plaintiff's wide-ranging narrative, *see* Compl. at 6-18, mentions, among other topics, identity theft, intellectual property theft, fair use, personal injury, and discrimination.  The focus

1

of the prolix complaint, to the extent intelligible, is the FCC, however.  *See id*. at 6 (captioned "Kandance A. Wells versus United States Federal Communications Commission").  Plaintiff alleges, among other things, that the FCC has negligently allowed "the use of several forms of telecommunications against [her] for the purposes and processes of intimidation,  cyber tracking, extreme sexual torment, and entrapment." *Id*.  Such tactics, Plaintiff alleges, "were used to silence and/or deter [her] from coming forward in courts."  *Id*.

Plaintiff's complaint at best fails to provide adequate notice of a claim.  *See Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (complaints that are "rambling, disjointed, incoherent, or full of irrelevant and confusing material" and those containing "an untidy assortment of claims that are neither plainly nor concisely stated" will "patently fail" to satisfy the minimum standard of pleading in federal court).  But complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").  The

instant complaint satisfies this standard and suggests no hint of a cure.  Therefore, this case will be dismissed with prejudice.  A separate order accompanies this Memorandum Opinion.


_____/s/_____
RANDOLPH D. MOSS
Date: February 22, 2022                        United States District Judge